FORCE v. SAWYER-BOSS MFG. CO. et al.

(Circuit Court, E. D. New York. August 10, 1904.)

1. PATENTS—ACCOUNTING FOR INFRINGEMENT—COST OF MANUFACTURE.

A corporation organized and owned entirely by persons who joined in the sale and assignment of a patent to complainant, and which subsequently engaged in the manufacture and sale of an infringing article, cannot avoid an accounting for profits made on the ground that by reason of its having also made and sold other articles the cost of the infringing articles cannot be definitely ascertained, nor because it lost money on its entire business, where it does not appear that it lost on the infringement. In such case the cost of the article as made by complainant where shown may be made the basis for the accounting.

2. SAME—PROFITS—USE OF PATENTED IMPROVEMENTS.

Where it appears that the improvements covered by complainant's patent constituted the chief value of the infringing articles sold by defendant, and that without them no sales would probably have been made, complainant is entitled to recover the entire profits realized from the sale.

In Equity. On accounting for infringement.

William E. Warland and Henry Schreiter, for complainant.
H. A. West, for defendants.

THOMAS, District Judge.  The defendant Sawyer-Boss Manufacturing Company was composed of the four persons who sold the patent in suit to the complainant, Force.  After such sale such persons formed the defendant corporation, and through it and the firm of Stewart & Co. made and sold their entire product, including a large number of infringing machines.  The vendors' action in making and selling a patented article, after transferring the patent, was unconscionable.  They knew what the patent was, and gave it every assurance of validity.  They began the manufacture after selling.  They substantially reduced the price of the machine, and compelled the complainant to do the same.  They sought by the tortious use of the patent to enrich themselves, and to that end sought to limit their assignee's beneficial use of what they had sold him.  Their present defense in this accounting is that the defendant corporation made other articles, and that the expense of one product is so confused with the expense of others that the expense of making cannot be singled out, and, moreover, that they lost some $5,000 on the entire undertaking.  This excuse for persons who deliberately seek to deprive their assignee of his merited profit upon the thing sold is claimed to be justified by law. If such law prevent a recovery herein, a gross injustice will follow. The defendants have, for their own gain, and with full knowledge, injured their assignee, and now conceal themselves behind their confusion of products.  They put down the price, made the person who had the sole right to sell lower his price, and then assert that "there is such complication in our varied manufactures that the expense of and profit on the infringing article cannot be determined."  Their

¶ 1. Accounting for profits by infringer of patent, see note to Brickill v. Mayor, etc., of City of New York, 50 C. C. A. 8.

¶ 2. See Patents, vol. 38, Cent. Dig. §§ 572, 573.

entire business was probably done at a loss, but neither they nor their books show that the infringing articles were made and sold at a loss. Because they failed to profit by what they legitimately did, it does not follow that they failed of profit by that portion of their business, which they illegally did. They do not know the expense of the manufacture of the infringing Defiance machine, but they do not show that there was no profit. The complainant has given satisfactory evidence of the cost of labor and material of the Defiance machines. The number made and sold was 4,024. The cost of such labor and material should have been $5,352.06. The complainant shows that the proportion of other expenses that should be borne by these machines is $1,165.61; making their total cost $6,517.67. These machines were sold to Sawyer & Co. for $13,389.19; hence a profit is shown of $6,871.52. Some special items are pointed out by the defendants that are alleged to impugn the correctness of the corporation's expenses. For instance, the cost of boxes to the amount of $254.19 is mentioned, and then some other details. If an additional $500 be allowed the defendant corporation to cover such items, there would still remain a profit of $6,371.52, and that amount, at least, the defendant corporation should pay. The complainant shows that Stewart & Co. realized a profit of $2,245.26 from the sale of the Defiance machine; that Holihan, a partner of that firm, was entitled to $1,222.63 thereof, and that sum he should pay. It is undoubted that the wrongdoer compelled the complainant to reduce its prices, but the complainant even then probably made a profit, and it sold more machines on account of the reduced price. What, on the whole, it lost, does not appear. It was within the power of the complainant to illustrate to what extent its whole profit fell off by reason of the competition. It did not do so, and the court is unable to know to what extent it was finally injured by the competition. Therefore no damages growing out of this unlawful competition can be allowed. It is urged that the complainant must be limited to the damages arising from the improvement shown by the patent. The Defiance machine infringed the first and second claims. It is considered that the combination shown in the first claim covered the substantial profit of the patented article, and that the chief value is found therein, although the stop pin may have facilitated sales. It is further considered that the sales of the Defiance machines were made possible by employing the patented combination; in other words, the salability of the device resulted from the use of the patent. This conclusion results from the evidence of the business done by means of the patented device both by the complainant and the defendants. The whole history of the business shows that the new article was the inducement to the sale. There is no satisfactory evidence from which it could be concluded that any sales would have been made had not the machine involving the combination been offered.

The complainant should recover pursuant to the views above expressed.